LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

JOHAN GOMEZ,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

     Plaintiff,

          v.

KITCHENETTE 123 INC. d/b/a KITCHENETTE,
TRIBECA KITCHENETTE INC. d/b/a KITCHENETTE,
HIGH FALLS KITCHENETTE INC. d/b/a
KITCHENETTE,
ANN S. NICKINSON, and
LISA ANN HALL,

     Defendants.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

Plaintiff, JOHAN GOMEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, KITCHENETTE 123 INC. d/b/a KITCHENETTE, TRIBECA KITCHENETTE INC. d/b/a KITCHENETTE,  HIGH FALLS KITCHENETTE INC. d/b/a KITCHENETTE,  (the "Corporate Defendants"), ANN S. NICKINSON, and LISA

ANN HALL (together the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, due to an invalid tip credit, (2) tips illegally retained by Defendants, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, due to an invalid tip credit, (2) tips illegally retained by Defendants, (3) statutory penalties, (4) liquidated damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, JOHAN GOMEZ, is a resident of Bronx County, New York.

6.      The Defendants operate a restaurant enterprise using the following trade names at the following locations[1]:

> (a) Kitchenette, 1272 Amsterdam Avenue, New York, NY 10027;
>
> (b) Kitchenette, 156 Chambers Street, New York, NY 10007; and
>
> (c) Kitchenette, 1219 Route 213, High Falls, NY 12440

(together, the "Restaurants")

7.      The Restaurants operate as a single intergrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a commmon business purpose;

> (a) the Restaurants are commonly owned and operated by the Individual Defendants;
>
> (b) the Restaurants share identical trade names, menu items, and are advertised and marketed jointly at www.kitchenetterestaurant.com/home.html;
>
> (c) the Restaurants utilize the same payroll staff and have identical wage and hour policies; and
>
> (d) merchandise and employees are interchangeable among the Restaurants.

8.      The Corporate DefendantKITCHENETTE 123 INC. d/b/a KITCHENETTE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 1272 Amsterdam Avenue, New York, New York 10027.

---

[1] As of an unknown date, "Kitchenette" restaurant, located at 156 Chambers Street, New York, NY 10007, is no longer in operation.

9.      The   Corporate   Defendant   TRIBECA   KITCHENETTE   INC.   d/b/a KITCHENETTE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 156 Chambers Street, New York, New York 10007, and an address for service of process located at 80 West Broadway, New York, New York 10007.

10.     The   Corporate   Defendant   HIGH   FALLS   KITCHENETTE   INC.   d/b/a KITCHENETTE is a domestic business corporation organized uner the laws of the State of New York, with a principle place of business located at 1219 Route 213, High Falls, New York 12440, and an address for service of process located at 227 Riverside Drive, New York, New York 10025.

11.     Defendant, ANN S. NICKINSON, is the co-owner and Chief Executive Officer of HIGHFALLS KITCHENETTE INC. d/b/a KITCHENETTE. Defendant NICKINSON is also the co-owner and executive officer of KITCHNETTE 123 INC. d/b/a KITCHENETTE and TRIBECA KITCHENETTE INC. d/b/a KITCHENETTE. Defendant NICKINSON exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. Defendant NICKINSON had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complaint to Defendant NICKINSON directly regarding any of the terms of their employment, and Defendant NICKINSON would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or

terminating or hiring such employees. Defendant NICKINSON is always present at the place of business and directly reprimands any employee who does not perform her duties correctly. She also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Plaintiff was hired and fired directly by Defendant NICKINSON.

12.     Defendant, LISA ANN HALL, is the co-owner and Chief Executive Officer of KITCHNETTE 123 INC. d/b/a KITCHENETTE and TRIBECA KITCHENETTE INC. d/b/a KITCHENETTE. Defendant HALL is also the co-owner and executive officer of HIGHFALLS KITCHENETTE INC. d/b/a KITCHENETTE. Defendant HALL exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. Defendant HALL had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. At all times, employees could complaint to Defendant HALL directly regarding any of the terms of their employment, and Defendant HALL would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant HALL is always present at the places of business and directly reprimands any employee who does not perform her duties correctly. She also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

13.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees, (including delivery persons, waiters, runners, bussers, bartenders and barbacks) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs"). .

15.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. Additionally, Defendants retained half of all tips earned by Plaintiff and FLSA Collective Plaintiffs during catering events. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiff and FLSA Collective Plaintiffs suffered because Defendants willfully violated their rights by failing to pay their minimum wages in the lawful amount for hours worked.  Defendants, however, were not entitled to take any tip credits under the FLSA, because (i) Defendants failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) management retained half of all tips earned by tipped employees during catering events and (iii) tipped employees spent at least two (2) hours or more than twenty (20) percent of  their workday on non-tipped activities.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, (including delivery persons, waiters, runners, bussers, porters, bartenders, barbacks, cooks, line-cooks, dishwashers, cleaning persons, counter persons, stock persons and food preparers) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the

7

calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of delivery persons, waiters, runners, bussers, bartenders and barbacks ("Tipped Subclass"). Plaintiff JOHAN GOMEZ is a member of both the Class and Tipped Subclass.

20.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual

actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

(d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

(e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

(f) Whether Defendants took proper amount of tip credit allowance under the New York Labor Law;

(g) Whether Defendants retained service charges without providing notice to customers that management was retaining the service charges;

(h) Whether Defendants retained  tips earned by members of the Tipped Subclass;

(i) Whether Defendants provided proper wage statements to Plaintiff and the Class members per requirements of the New York Labor Law;

(j) Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all Class members per requirements of the New York Labor Law;

(k) Whether Defendants required members of the Tipped Subclass to perform non-tipped work for two (2) hours or more than twenty (20) percent of their workday; and

(l) Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked.

.

## STATEMENT OF FACTS

25.     In or about March 2013, Plaintiff, JOHAN GOMEZ, was hired by Defendants to work as a delivery person for Defendants at their "Kitchenette" restaurant, located at 156 Chambers Street, New York, NY 10007. Defendant GOMEZ worked for Defendants until on or about  May 2014.

26.     Plaintiff GOMEZ worked from 5:00 p.m. to 11:00 p.m. on Monday, 5:00 p.m. to 11:00 p.m. on Tuesday, 5:00 p.m. to 11:00 p.m. on Thurday, 5:00 p.m. to 11:00 p.m. on Friday, 9:00 a.m. to 4:30 p.m. on Saturday, and 9:00 a.m. to 4:30 p.m. on Sunday.

27.     Throughout his entire employment, Plaintiff GOMEZ was paid an hourly wage of $5.65 per hour. Additionally, Plaintiff GOMEZ would earn compensation through tips from deliveries and catering events. FLSA Collective Plaintiffs and Tipped Subclass members were similarly compensated by tips.

28.     Plaintiff GOMEZ was never given a wage notice at the start of his employment or annually thereafter, to inform him of his regular hourly pay rate, overtime hourly pay rate, and the amount of tip credit, if any, to be taken from the basic minimum hourly rate. Class members similarly did not receive a proper pay notice.

29.     Plaintiff GOMEZ was given improper wage statements, which failed to properly notify him of the amount of tip credit taken, by the Defendants, for each pay period. Tipped Subclass members suffered a similar harm.

30.     On every catering event, the Defendants took half of all tips earned by Plaintiff GOMEZ and other tipped employees without their consent. Specifically, there would be on average four (4) catering events per week. Half the tips earned at these events would be retained by the Defendants, and the rest was evenly distrubuted among the tipped employees. Through this method Plaintiff GOMEZ lost approximately $50.00 per event. FLSA Collective Plaintiffs and Tipped Subclass members were similarly harmed.

31.     Plaintiff GOMEZ was required to commit at least two (2) hours or more than twenty (20) percent of his workdays to non-tipped activities. He worked at the "Kitchenette" restaurant, located at 156 Chambers Street, New York, NY 10007, but regularly went to transfer food/supplies to and from the "Kitchenetter" restaurant, located at 1272 Amsterdam Avenue, New York, NY 10027. Plaintiff GOMEZ was also responsible for preparing the dressing in the kitchen and distributing menus and flyers throughout the neighborhood. FLSA Collective Plaintiffs and Tipped Subclass members were similarly harmed.

32.     Plaintiff, FLSA Collective Plaintiffs and members of the Tipped Subclass did not receive any notice that Defendants were taking a tip credit.  In addition, they did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

33.     Plaintiff, FLSA Collective Plaintiffs and members of the Tipped Subclass were required to engage two (2) hours or more than twenty (20) percent of their working time in

non-tipped related activities. Such activities were unrelated to their duties as tipped employees..

34.     Defendants unlawfully retained tips earned by Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members during catering events.

35.     Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) retained  tips earned by employees during catering events, and (iv) caused tipped employees to engage in non-tipped duties for two (2) hours or more than twenty (20) percent of each workday in violation of NYLL.

36.     Defendants failed to properly notify Plaintiff, the FLSA Collective Plaintiffs, and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the New York Labor Law.  Defendants also failed to provide proper wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the New York Labor Law.

37.     Defendants failed to provide proper wage statements to Plaintiff and Class members, with each payment of wages as required by New York Labor Law.

38.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members due to the invalid tip credit that Defendants claimed.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40.     Plaintiff realleges and reavers Paragraphs 1 through 39 of this class andcollective action Complaint as if fully set forth herein.

41.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.

44.   At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

45.   At all relevant times, the Defendants had a policy and practice of retaining tips earned by Plaintiff and FLSA Collective Plaintiffs.

46.   Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants were not entitled to take any tip credits under the FLSA, because (i) they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, rendering the tip credit invalid in respect of all tipped employees; (ii) they retained  tips earned by employees, and (iii) tipped employees spent at least two (2) hours or more than twenty (20) percent of their time in non-tipped activities.

47.   Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48.   Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50.   Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid  tips retained by Defendants, plus an equal amount as liquidated damages.

51.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

52. Plaintiff realleges and reavers Paragraphs 1 through 51 of this class and collective action Complaint as if fully set forth herein.

53.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

55. Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants, however, were not entitled to take any tip credits under the NYLL, because (i) they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) they failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) they illegally retained Plaintiff's and the New York Class members' tips thereby rendering the "tip credit" invalid and (iv) they caused tipped employees to engage in non-tipped duties for at least two (2) hours or more than twenty (20) percent of each workday in violation of NYLL.

56. The New York Labor Law prohibits an employer from making any deductions from wages, other than standard deductions for taxes. N.Y. Lab. Law § 193.

57. Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiff and Class members, in violation of the New York Labor Law. N.Y. Lab. Law § 196-d.

58. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all Class members per requirements of the New York Labor Law.

59. Due to the Defendants' New York Labor Law violations, Plaintiff and Tipped Subclass members are entitled to recover from Defendants their unpaid minimum wage, tips retained by Defendants, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law. Plaintiff and Class members are entitled to recover from Defendant their damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid minimum wages due under the FLSA and the New York
Labor Law;

d.      An award of statutory penalties as a result of Defendants' failure to comply with
New York Labor Law wage notice and wage statement requirements;

e.      An award equal to all tips retained by Defendants;

f.      An award of liquidated and/or punitive damages as a result of Defendants'
willful failure to pay minimum wage and for tips illegally retained by
Defendants, pursuant to 29 U.S.C. § 216;

g.      An award of liquidated and/or punitive damages as a result of Defendants'
willful failure to pay minimum wage andtips illegally retained pursuant to
the New York Labor Law;

h.      An award of prejudgment and postjudgment interest, costs and expenses of
this action together with reasonable attorneys' and expert fees and statutory
penalties;

i.      Designation of Plaintiff as Representative of the FLSA Collective
Plaintiffs;

j.      Designation of this action as a class action pursuant to F.R.C.P. 23;

k.      Designation of Plaintiff as Representative of Class; and

l.      Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: May 4, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*


By: */s/ C.K. Lee*
C.K. Lee, Esq.